IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH STRICKLAND,
      Petitioner,

vs.                        Case No.: 5:13cv101/RS/EMT

N.C. ENGLISH,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's habeas petition and supporting memoranda, filed pursuant to 28 U.S.C. § 2241 (docs. 1, 6, 7). Respondent filed an answer (doc. 10). Petitioner filed a reply and a supplement thereto (docs. 12, 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the petition should be dismissed.

I.      BACKGROUND

On October 26, 2006, a federal grand jury in the District Court for the Middle District of Florida returned a six-count indictment in Case No. 8:06-cv-443-T-26MAP, charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), based upon prior qualifying convictions of resisting an officer with violence, sale or delivery of cocaine (Two Counts), and possession of cocaine with intent to sell, manufacture or deliver, all from the Twelfth Judicial Circuit Court in and for Sarasota County, Florida (doc. 10 at 2; *see also* Indictment, attached to this Report and Recommendation). Petitioner was also charged with a number of counts involving distribution and possession with intent to distribute cocaine or cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C), and possession of marijuana in

violation of 21 U.S.C. § 844(a) (*id.*). On January 30, 2007, Petitioner signed a written plea agreement ("Plea Agreement") pursuant to which he agreed to plead guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One), and one count of possession of five (5) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count Two) (*see* Plea Agreement, attached to this Report and Recommendation). The Plea Agreement provided that at the time of sentencing, the remaining counts against Petitioner, Counts Three, Five, and Six, would be dismissed (*id.*).[1] Pursuant to the Plea Agreement, Petitioner agreed that Count One carried a mandatory minimum sentence of not less than fifteen (15) years of imprisonment and a maximum of life, and a term of supervised release of not more than five (5) years, and that Count Two carried a mandatory minimum sentence of not less than five (5) years and a maximum of not more than forty (40) years of imprisonment, and a term of supervised release of not more than four (4) years (*id.*). Additionally, by signing the Plea Agreement, Petitioner admitted the following facts:

> At the time of the events set forth in the indictment, the defendant, Joseph L. Strickland, had been convicted of the following crimes punishable by imprisonment for a term exceeding one year: Resisting an Officer with Violence, in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in Case Number 2003-CF-012137 on or about March 9, 2004; Sale or Delivery of Cocaine (Two Counts), in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in Case Number 2003-CF-012973 on or about March 9, 2004; and Possession of Cocaine with [I]ntent to Sell, Manufacture or Deliver, in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in Case Number 2003-CF-008404 on or about March 15, 2004.

(*id.*). The district court accepted Petitioner's guilty plea on January 31, 2007 (doc. 10 at 2).

On April 16, 2007, Petitioner's counsel filed a sentencing memorandum agreeing that Petitioner's sentence would be enhanced, both as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines ("USSG") and an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") (*see* Sentencing Memorandum and Request for Reasonable Sentence, attached to this Report and Recommendation). Petitioner's counsel agreed that Petitioner faced a USSG range of 188–235 months of imprisonment, as set forth in the

---

[1] Petitioner was not charged in Count Four.

Presentence Investigation Report ("PSR") (*see* doc. 10 at 2;  Sentencing Memorandum and Request for Reasonable Sentence).   The Government filed a substantial assistance motion, which the sentencing court granted at Petitioner's sentencing hearing on April 20, 2007, resulting in a final guideline range of 168–210 months of imprisonment (doc. 10 at 3).   The court sentenced Petitioner to concurrent terms of one hundred sixty-eight (168) months of imprisonment, followed by concurrent terms of five (5) years of supervised release (doc. 10 at 3–4; *see* Judgment in a Criminal Case, attached to this Report and Recommendation).   Petitioner did not appeal (doc. 10 at 4).

On March 4, 2008, Petitioner filed a motion for a § 3582 sentence reduction based upon Amendments 706 and 709 of the USSG (doc. 10 at 4).   *See* <u>Strickland v. United States</u>, Case No. 8:06-cr-443-T-26MAP, Motion (M.D. Fla. Mar. 4, 2008).   The district court denied the motion on the ground that Petitioner was not eligible for a sentence reduction, because he was properly classified as a career offender and an armed career criminal (*id.*).   *See Id.*, Order (M.D. Fla. Nov. 12 2008).

On August 10, 2009, Petitioner filed a "Petition for Extraordinary Writ of Error Coram Nobis, and/or Any Other Extraordinary Vehicle Necessary for the Sought After Relief Pursuant to 28 U.S.C. § 1651(a)" (doc. 10 at 4).   *See* <u>Strickland v. United States</u>, Case No. 8:06-cr-443-T-26MAP, Petition (M.D. Fla. Aug. 10, 2009).   Petitioner raised three claims:  (1) prosecutorial misconduct at sentencing, (2) ineffective assistance of counsel for failing to file an appeal, and (3) ineffective assistance of counsel for failing to object to use of prior conviction for resisting arrest with violence as qualifying offense for ACCA enhancement under § 924(e) (*see id.*).   *Id.*   The district court construed the petition as a motion to vacate sentence under 28 U.S.C. § 2255, and denied it as time-barred (*id.*).   *See Id.*, Order (M.D. Fla. Aug. 11, 2009).   The Eleventh Circuit denied Petitioner's motion for a certificate of appealability.   *See Id.*, USCA Order (11th Cir. Apr. 1, 2010).   On March 25, 2013, Petitioner filed a Rule 60(b) motion, seeking relief from the district court's August 11, 2009 judgment (doc. 10 at 6).   *See Id.*, Motion (M.D. Fla. Mar. 25, 2013).   The district court denied the motion on March 26, 2013 (*id.*).   *See Id.*, Order (M.D. Fla. Mar. 26, 2013).

On October 19, 2009, Petitioner filed a "Petition to Recall, Void, or Modify Judgment Pursuant to Writ of Audita Querela, or in the Alternative Pursuant to Fed. R. Crim. P. 2, or the All Writs Act Pursuant to 28 U.S.C. § 1651(a)," in which he argued his prior conviction for resisting

arrest with violence was not a qualifying conviction for purposes of ACCA enhancement (doc. 10 at 4–5).  *See* <u>Strickland v. United States</u>, Case No. 8:06-cr-443-T-26MAP, Petition (M.D. Fla. Oct. 19, 2009).  On October 20, 2009, the district construed the petition as a § 2255 motion and denied it as time-barred (*id.* at 5).  <u>Strickland v. United States</u>, Case No. 8:06-cr-443-T-26MAP, Order (M.D. Fla. Oct. 20, 2009).

On August 2, 2010, Petitioner filed a § 2255 motion, raising the same claims he raised in his petition for extraordinary writ, which the district court had construed as a § 2255 motion (doc. 10 at 5).  *See* <u>Strickland v. United States</u>, Case No. 8:10-cv-1713-T-26MAP, Motion (M.D. Fla. Aug. 2, 2010).  On August 3, 2010, the district court dismissed the motion as successive and time-barred (*id.*).  *See Id.*, Order (M.D. Fla. Aug. 3, 2010).

On June 22, 2012, Petitioner filed another motion for a § 3582 sentence reduction based upon Amendment 750 of the USSG (doc. 10 at 5).  *See* <u>Strickland v. United States</u>, Case No. 8:06-cr-443-T-26MAP, Motion (M.D. Fla. June 22, 2012).  On September 5, 2012, the district court denied the motion on the ground that Petitioner was not eligible for a sentence reduction, because he was properly classified as a career offender (*id.*).  *See Id.*, Order (M.D. Fla. Sept. 5 2012).  Petitioner appealed the decision to the Eleventh Circuit, and that appeal is still pending.

On July 16, 2012, Petitioner filed a § 2255 motion, claiming that the sentencing court lacked jurisdiction to impose the ACCA enhancement (doc. 10 at 5).  *See* <u>Strickland v. United States</u>, Case No. 8:06-cr-443-T-26MAP, Motion (M.D. Fla. July 16, 2012).  The district court denied the motion as moot on July 18, 2012 (*id.*).  *See Id.*, Endorsed Order (M.D. Fla. July 18, 2012).

Petitioner filed the instant § 2241 petition on April 3, 2013 (doc. 1 at 6).  He is housed at the Federal Correctional Institution in Marianna, Florida (doc. 1).  Petitioner has raised one claim in his petition:

> Ground one:  I was sentenced according to the ACCA penalty under Count One, but my sentence was enhanced due to the career offender provision and not the ACCA. Therefore, I was sentenced on Count One above the statutory maximum of 10 years. The Judge relied [sic] and adopted the findings set forth in the P.S.R. and not on the finding of me being an ACCA.  The P.S.R. enhanced my sentence under the career offender provisions, not the ACCA, and the ACCA shaped my whole sentence.

(doc. 1 at 3). Petitioner argues his PSR did not utilize the ACCA enhancement when determining the recommended penalty and instead utilized only the career offender provision of § 4B1.1 of the USSG (doc. 1 at 3; doc. 6 at 1–9, 14; doc. 7 at 6). He argues the sentencing court merely adopted the USSG applications prescribed by the PSR, without ruling on the ACCA enhancement; therefore, his sentence was not subject to enhancement under the ACCA (*id.*). Petitioner admits, however, that the sentencing court—as well as Petitioner's counsel—were "under the impression" that the ACCA applied to Petitioner's sentence (doc. 6 at 8–10), and Petitioner himself concedes he qualified for the ACCA enhancement (*id.* at 2). Petitioner argues § 2255 is inadequate and ineffective to raise this sentencing claim, because a § 2255 motion would be time-barred, and the Eleventh Circuit has denied his requests to file a second or successive § 2255 motion (*id.* at 5).

Respondent contends Petitioner's § 2241 petition is barred by § 2255(e), which provides that a § 2241 petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (doc. 10 at 7). Respondent contends the fact that Petitioner failed to present his challenge to the ACCA sentence enhancement on direct appeal or in a timely § 2255 motion does not permit him to obtain review of his claim through a § 2241 petition (*id.* at 7–9).

In Petitioner's reply to Respondent's answer, Petitioner repeats his argument that although he qualified for the ACCA enhancement, the PSR relied upon only the career offender provision in § 4B1.1 of the USSG, and the sentencing court adopted only application of § 4B1.1, not the ACCA enhancement (doc. 12 at 2–4, 8–12, 22–24). Therefore, he contends, his fourteen-year sentence on Count One exceeded the ten-year statutory maximum (*id.*). Petitioner also raises a new argument. He contends that even if the sentencing court imposed the ACCA enhancement, he is entitled to relief because his conviction for resisting an officer with violence was not a "violent felony" for purposes of the ACCA (*id.* at 11–20). Petitioner contends at the time of his direct appeal and his first § 2255 motion, the Eleventh Circuit applied a "categorical approach" to determining whether a prior conviction qualified as a violent felony (*id.*). He contends the Supreme Court's decisions in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), and Johnson v. United States, 559

U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) overturned Eleventh Circuit precedent and held that a "modified categorical approach" must be used (doc. 12 at 11–20; doc. 14). Petitioner then contends that applying the "modified categorical approach" to his conviction for resisting an officer with violence, a violation of Florida Statutes § 843.01, the conviction did not qualify as a violent felony under the ACCA (doc. 12 at 11–20).

II.     ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

certain types of detention. *See* <u>Antonelli</u>, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); <u>Thomas v. Crosby</u>, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); <u>Bishop v. Reno</u>, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. <u>Antonelli</u>, *supra*; <u>Jordan</u>, *supra*; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); <u>Wofford</u>, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* <u>Williams v. Warden, Fed. Bureau of Prisons</u>, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

As the Eleventh Circuit noted in <u>Williams</u>, § 2255(e) says "precious little" about what it means for the original § 2255 motion to have been "inadequate" or "ineffective." 713 F.3d at 1341. In <u>Williams</u>, the § 2241 petitioner raised the same type of sentencing claim that Petitioner raises here, that is, he was not properly subject to the ACCA enhancement that led to a sentence in excess of the otherwise applicable ten-year statutory maximum.[3] *Id.* at 1337. The Eleventh Circuit held that its earlier decision in <u>Wofford</u> applied to Williams' attempt to pass through the savings clause.

---

[3] Williams specifically argued that two of his prior state convictions did not qualify as violent felonies under the ACCA. 713 F.3d at 1344.

*Id.* at 1341–44 (citing <u>Wofford</u>, 177 F.3d at 1237–38, 1242–45).  The <u>Williams</u> court interpreted <u>Wofford</u> as establishing two necessary conditions for a sentencing claim to pass muster under the savings clause:

> First, the claim must be based upon a retroactively applicable Supreme Court decision.  The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Id.* at 1343 (citing <u>Wofford</u>, 177 F.3d at 1245).  Even then, the Eleventh Circuit expressly refused to say whether such a showing would be sufficient to open the portal to § 2241.  *Id.* ("<u>Wofford</u>'s holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause.").  The <u>Williams</u> court determined that no Eleventh Circuit precedent "on the books" during Williams' § 2255 proceeding foreclosed his ACCA argument and rendered his § 2255 motion an ineffective test of his claim.  *Id.* at 1345, 1349.  Thus, the district court lacked subject matter jurisdiction to entertain his claim in a § 2241 habeas petition.  *Id.* at 1349–50.

Here, Petitioner presents two claims; therefore, the court must analyze whether Eleventh Circuit precedent on the books during Petitioner's first § 2255 proceeding foreclosed either or both claims.  Petitioner first claims that  although he qualified for the ACCA enhancement, the PSR relied upon only the career offender provision in § 4B1.1 of the USSG, and the sentencing court adopted only the application of § 4B1.1, not the ACCA enhancement; therefore, his sentence on Count One exceeded the ten-year statutory maximum for a violation of § 922(g).  Petitioner has not demonstrated that this claim is based upon a retroactively applicable Supreme Court decision; nor has he demonstrated that Eleventh Circuit precedent squarely foreclosed his claim, so that he had no genuine opportunity to raise it at sentencing, or appeal, or in his first § 2255 motion filed August 10, 2009.[4]  Therefore, this court lacks subject matter jurisdiction to entertain this claim.

---

[4] Indeed, Petitioner contends that <u>United States v. Rogers</u>, 228 F.3d 1318 (11th Cir. 2000) establishes he is entitled to relief (doc. 6 at 3–4); however, <u>Rogers</u> was available to Petitioner well before he filed his first § 2255 motion on August 10, 2009.

Petitioner also claims that even if the sentencing court imposed the ACCA enhancement, he is entitled to relief, because his conviction for resisting an officer with violence was not a "violent felony" for purposes of the ACCA. Petitioner contends at the time of his direct appeal and his first § 2255 motion, the Eleventh Circuit applied a "categorical approach" to determining whether a prior conviction qualified as a violent felony. As previously noted, he contends the Supreme Court decisions in <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), <u>Begay v. United States</u>, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), and <u>Johnson v. United States</u>, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) overturned Eleventh Circuit precedent which had foreclosed his claim. Initially, <u>Shepard</u> and <u>Begay</u> were decided in 2005 and 2008, respectively, which was <u>prior to</u> Petitioner's initial § 2255 motion filed August 10, 2009; therefore, he had the opportunity to raise any claims of <u>Shepard</u> and <u>Begay</u> error in his § 2255 motion. The savings clause does not cover sentence claims that could have been raised in earlier proceedings. *See* <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1335 (11th Cir. 2012) (citing <u>Gilbert v. United States</u>, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc), *cert denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012)). Therefore, Petitioner is not entitled to review of his claims of <u>Shepard</u> and <u>Begay</u> error.

That leaves only Petitioner's claim of error based upon <u>Johnson</u>, 559 U.S. 133 (2010). In <u>Johnson</u> the Supreme Court held that the Florida felony offense of battery was not a violent felony under the ACCA's "elements clause," § 924(e)(2)(B)(i). 559 U.S. at 135–36. The Court reasoned that, "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. Because the felony offense of battery in Florida encompassed "any intentional physical contact, 'no matter how slight,'" the Court determined that the offense did not entail the violent force necessary to fall under the ACCA's "elements clause." *Id.* at 138 (citation omitted). The Court did not consider whether the offense qualified as a violent felony under the ACCA's "residual clause" and declined to remand the case for that issue to be considered. *Id.* at 141–43; *see also* <u>United States v. Schneider</u>, 681 F.3d 1273, 1282 (11th Cir. 2012) (noting that "<u>Johnson</u> did not construe the residual clause at all"); <u>Rozier v. United States</u>, 701 F.3d 681, 683 (11th Cir. 2012) (noting that the

Johnson Court "explicitly refused to decide whether that offense was a crime of violence under the ACCA's residual clause").

The prior conviction at issue in the instant case is a conviction for resisting an officer with violence, a violation of Florida Statutes § 843.01, not battery, which was the conviction at issue in Johnson.  Therefore, Johnson is not applicable to Petitioner's claim.  Further, even after Johnson, a violation of Florida Statute § 843.01 would constitute a violent felony for purposes of both the "elements clause" and the "residual clause" of the ACCA.  *See e.g.*, United States v. Foster, 496 F. App'x 1, 3 (11th Cir. 2012) (unpublished) (violation of Florida statute making it a felony to resist an officer with violence constituted a violent felony for purposes of the "elements clause" and the "residual clause" of the ACCA).  In United States v. Romo–Villalobos, 674 F.3d 1246 (11th Cir. 2012), *cert. denied*, — U.S. —, 133 S. Ct. 248, 184 L. Ed. 2d 132 (2012), the Eleventh Circuit held that a violation of Florida Statute § 843.01, resisting an officer with violence, constituted a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii).  There, "crime of violence" was defined under the sentencing guidelines nearly identically with "violent felony" under subsection (B)(i) of the ACCA (the "elements clause"), that is, as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  Romo–Villalobos, 674 F.3d at 1248–49; *compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* USSG § 2L1.2, comment. (n.1(B)(iii)).  In addition, in United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), *cert. denied*, — U.S. —, 132 S. Ct. 258, 181 L. Ed. 2d 150 (2011), the Eleventh Circuit reviewed the offense found in Florida Statute § 843.01 under subsection (B)(ii) of the ACCA (the "residual clause"), and determined that it constituted a violent felony.  *Id.* at 1342.  Petitioner has thus failed to demonstrate that Johnson established that resisting an officer with violence is not a violent felony for purposes of the ACCA enhancement.  Therefore, he is not entitled to review of this claim under the savings clause of § 2255(e).[5]

---

[5] As a final note, an argument could be made that Petitioner waived any challenge to the ACCA enhancement. The record in this case (as set forth in the attachments to this Report and Recommendation) establishes that the indictment expressly cited the ACCA (18 U.S.C. § 924(e)), and the convictions underlying the ACCA enhancement were set out in the indictment.  In the Plea Agreement, Petitioner stipulated to the prior convictions and agreed to plead guilty to violating §§ 922(g)(1) and 924(e), and agreed that Count One carried a mandatory minimum sentence of not less than 15 years of imprisonment and a maximum of life.  In the sentencing memorandum filed by Petitioner's counsel, counsel

III.    CONCLUSION

Review of Petitioner's claims under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution thereof.  Furthermore, he has not shown that his claims satisfy the conditions set forth in Wofford, or that § 2255 was otherwise inadequate or ineffective to test the legality of his detention.  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED with prejudice**.

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 3rd day of July 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

conceded that the PSR properly enhanced Petitioner as both a career offender pursuant to § 4B1.1 of the USSG and an armed career criminal pursuant to 18 U.S.C. § 924(e), and that Petitioner faced a mandatory minimum term of imprisonment of 15 years under the ACCA.  And the judgment of conviction and sentence expressly states Petitioner was sentenced under the ACCA, § 924(e), as to Count One.

Case No:  5:13cv101/RS/EMT